UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 18-CV-22533-WILLIAMS
MAGISTRATE JUDGE REID

DIEGO J. JIMENEZ,

      Petitioner,

v.

JULIE JONES,[1]

      Respondent.

_____/

## REPORT OF MAGISTRATE JUDGE

The *pro se* Petitioner, **Diego J. Jimenez**, has filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the constitutionality of his conviction and sentence, entered following a jury trial in Case Number **F00038717** in the Eleventh Judicial Circuit Court of Florida, Miami-Dade County.

This Cause has been referred to the Undersigned for consideration and report, pursuant to 28 U.S.C. § 636(b)(1)(B), (c); S.D. Fla. Admin. Order 2019-02; and the Rules Governing Habeas Corpus Petitions in the United States District Courts.

For its consideration of the petition [ECF No. 1] the Court has received the

---

[1] Julie Jones is no longer the Secretary of the Department of Corrections. Mark S. Inch is now the proper respondent in this proceeding. Inch should, therefore, "automatically" be substituted as a party under Federal Rules of Civil Procedure 25(d)(1). The Clerk is directed to docket and change the designation of the Respondent.

state's response to this Court's order to show cause, along with a supporting appendix [ECF Nos. 9, 10, 11], and Petitioner's reply [ECF No. 12].

Construing the arguments liberally as afforded *pro se* litigants, pursuant to *Haines v. Kerner*, 404 U.S. 519, 520 (1972), Petitioner raises the following grounds:

> **Claim 1a**: The trial court's May 2017 corrected sentence erroneously omitted credit for time served, raising a double jeopardy issue. [ECF No. 1 at 5-6].
>
> **Claim 1b**: The trial court's May 2017 corrected sentence is at odds with the Florida Supreme Court's decision in *State v. Rabedeau*, 2 So. 3d 191 (Fla. 2009). [ECF No. 1 at 5-6].
>
> **Claim 2**: The trial court's imposition of a consecutive sentencing enhancement on Counts 1 and 2 constituted a violation of Petitioner's Fifth, Sixth, and Fourteenth amendment rights, pursuant to *Hale v. State*, 630 So. 2d 521 (Fla. 1993), because the consecutive enhancements were imposed for offenses committed during a single criminal episode. [ECF No. 1 at 8].

After reviewing the pleadings, for the reasons stated in this Report, the Undersigned recommends that the petition be denied because Petitioner is not entitled to relief on the merits.

## II.  Factual and Procedural History

### Charges

This case has a lengthy procedural history. The state charged Petitioner by Information with attempted-first degree murder of a law enforcement officer, Carlos Rosario, in violation of Fla. Stat. §§ 782.04(1), 784.07, 775.0823, 777.04, 775.087 (Count 1); aggravated battery of a law enforcement officer, Carlos Rosario, in

violation of Fla. Stat. §§ 784.045, 784.07, 775.0823, 775.087 (Count 2); depriving Officer Rosario of his means of communication in violation of Fla. Stat. § 843.025 (Count 3); battery of a law enforcement officer, Michelle Mirone, in violation of Fla. Stat. §§ 784.03, 784.07 (Count 4); battery of a law enforcement officer, Daniel Aiken, in violation of Fla. Stat. §§ 784.03, 784.07 (Count 5); resisting arrest, by Officer Rosario, with violence in violation of Fla. Stat. § 843.01 (Count 6); resisting arrest, by Officer Mirone, with violence in violation of Fla. Stat. § 843.01 (Count 7); and resisting arrest, by Officer Aiken, with violence in violation of Fla. Stat. § 843.01 (Count 8). [ECF No. 10-2 at 11-21]. Petitioner proceeded to trial. However, the instant petition raises issues unrelated to the trial proceedings.

**Verdict/Sentencing**

The jury found Petitioner guilty of the lesser included offense of aggravated assault of Officer Rosario under Count 1; guilty as charged under Counts 2, 3, and 4; guilty of the lesser included offense of battery of Officer Aiken under Count 5; and guilty as charged under Counts 6, 7, and 8. [ECF No. 10-2 at 47-52].

At sentencing, the trial court granted the state's motion to dismiss Count 8, as it relied on the same underlying facts as Count 7. [ECF No. 10-2 at 58-59]. On September 5, 2003, the trial court sentenced Petitioner to sixty years in prison for Counts 1 through 4, and 364 days for Counts 5 through 7. [ECF No. 10-2 at 60-63].

**Direct Appeal**

3

Petitioner appealed in Florida's Third District Court of Appeal ("Third DCA"). [ECF No. 10-3 at 1]. Petitioner's counsel file a motion to withdraw along with an *Anders*[2] brief. [ECF No. 10-3 at 3-21]. Petitioner filed a *pro se* brief taking issue with the trial court's denial of his motion to discharge trial counsel. *See* [ECF No. 10-3 at 22]. Pursuant to the Third DCA's order, the public defender's office filed a response addressing this issue. [ECF No. 10-3 at 23-26]. On October 12, 2005, the Third DCA *per curiam* affirmed without written opinion in *Jimenez v. State*, 914 So. 2d 970 (Fla. 3d DCA 2005). Mandate issued November 7, 2005. [ECF No. 10-3 at 29].

### First Rule 3.850 Post-Conviction Motion

Petitioner filed a *pro se* motion for post-conviction relief pursuant to Fla. R. Crim. P. 3.850, with supporting exhibits, in the trial court. [ECF No. 10-4 at 1-74]. Petitioner challenged his sentence under claim 5, arguing that counsel was ineffective in failing to object to the general sentence of 60 years under Counts 1-4, where the sentence did not specify individual terms for each count. [ECF No. 10-4 at 15]. The state filed a response, with exhibits attached. [ECF No. 10-5]. The trial court issued an order denying the motion. [ECF No. 10-6 at 43-45]. Subsequently, the trial court denied Petitioner's motion for rehearing. [ECF No. 10-6 at 58].

Petitioner appealed in the Third DCA. [ECF No. 10-7 at 1]. On June 27, 2007,

---

[2] *Anders v. California*, 386 U.S. 738 (1967).

the Third DCA *per curiam* affirmed without written opinion in *Jimenez v. State*, 959 So. 2d 737 (Fla. 3d DCA 2007). The Third DCA denied Petitioner's motion for rehearing. [ECF No. 10-7 at 18]. Mandate issued March 13, 2008. [ECF No. 10-7 at 19].

### First Rule 3.800(a) Motion to Correct Illegal Sentence

On January 14, 2008, Petitioner filed a Rule 3.800(a) motion to correct illegal sentence challenging the "general sentence" as to Counts 1-4. [ECF No. 10-8 at 1-34]. The trial court granted the motion and filed a corrected sentence on February 8, 2008. [ECF No. 10-8 at 35-43]. The trial court restructured the sentence as follows:

Count 1–15 years with a five-year mandatory minimum.

Count 2–30 years, consecutive to Count 1.

Count 3–five years consecutive to Counts 1 and 2.

Count 4–five years consecutive to Counts 1, 2 and 3.

Count 5–365 days in Dade County Jail, concurrent with Counts 1-4.

Count 6–five years, consecutive to Counts 1-4 and concurrent with Count 5.

Count 7–five years, concurrent with Counts 1-6.

Count 8–dismissed.

[ECF No. 10-8 at 35]. In light of the foregoing, the trial court sentenced Petitioner to a total of sixty years of consecutive sentences, with a five-year mandatory minimum as to Count 1. [*Id.*].

5

In connection with the restructured sentence, the trial court issued a March 12, 2008 order correcting the judgment and a March 14, 2008 order correcting the sentence. [ECF No. 10-8 at 42-43]. The March 12, 2008 order omitted the reference to the Petitioner's possessing a firearm and the March 14, 2008 order stated the five-year mandatory minimum applied to the aggravated assault on a law enforcement officer charge under Count 1. [*Id.*].

### Second Rule 3.800(a) Motion to Correct Illegal Sentence

On March 3, 2008, Petitioner's next Rule 3.800(a) motion to correct illegal sentence challenged the imposition of the consecutive sentences on the grounds that the sentences all arose out of a single criminal episode. [ECF No. 10-9 at 1-7]. On May 19, 2008, the trial court denied the motion. [ECF No. 10-9 at 13-14]. The trial court held that the claims were procedurally barred, as they could have and should have been raised on direct appeal and, in the alternative, the claims were meritless. [*Id.*].

Petitioner appealed to the Third DCA. [ECF No. 10-9 at 15]. On August 6, 2008, the Third DCA *per curiam* affirmed without written opinion in *Jimenez v. State*, 990 So. 2d 1075 (Fla. 3d DCA 2008). Mandate issued on September 8, 2008. [ECF No. 10-9 at 17].

### Petition for Writ of Habeas Corpus in Third DCA

On February 23, 2009, Petitioner filed a petition for writ of habeas corpus in

the Third DCA, case no. 3D09-484. [ECF No. 10-12 at 1-19]. Petitioner challenged

his sentences on the ground that his offenses were part of a single criminal episode.

[*Id.*]. The Third DCA summarily denied the petition, without explanation, on March

5, 2009. [ECF No. 10-12 at 20]. The court denied Petitioner's motion for rehearing

on March 25, 2009 in *Jimenez v. State*, 6 So. 3d 617 (Fla. 3D DCA 2009).

### Petition for Writ of Habeas Corpus in Third DCA

On January 11, 2010, Petitioner filed a second petition for writ of habeas

corpus in the Third DCA, in case no. 3D10-121, alleging ineffective assistance of

appellate counsel. [ECF No. 10-13 at 1-17]. Petitioner asserted that his appellate

counsel was ineffective in failing to argue on direct appeal that convicting him of

three offenses that occurred during a single episode constituted a double jeopardy

violation. [ECF No. 10-13 at 11]. The Third DCA denied the petition without written

opinion on February 11, 2010, in *Jimenez v. State*, 26 So. 3d 592 (Fla. 3d DCA

2010). [ECF No. 10-13 at 18].

### Petition for Writ of Habeas Corpus in Federal Court

Petitioner next filed a petition pursuant to 28 U.S.C. § 2254 in this court

challenging now superseded sentences entered in the same underlying criminal case

at issue here. [ECF No. 10-14 at 31-74]; *see also Jiminez v. McNeil*, 10-20388-CV-

Graham, ECF No. 1 (S.D. Fla. 2010). His arguments under claims 5, 7, and 9 are

relevant in this case. Specifically, Petitioner alleged: (5) his trial counsel was

ineffective in failing to object to his aggregate 60-year sentence, (7) the aggregate 60-year sentence violated due process, referring to his original 60-year sentence which had not delineated the terms for the individual counts; and (9) his consecutive sentences violated the prohibition against double jeopardy because the offenses all arose out of the same criminal episode. [ECF No. 10-14 at 1-30]. After addressing all claims on the merits, this Court denied the petition. [ECF No. 10-14 at 31-76]. The Eleventh Circuit issued a lengthy written opinion addressing each claim raised by Petitioner on the merits and affirming the District Court's order denying the petition. [10-20388-CV-Graham, ECF No. 38]. On January 9, 2012, the Supreme Court denied Petitioner's request for certiorari review in *Jimenez v. Tucker*, 565 U.S. 1124 (2012). [ECF No. 10-14 at 79].

### Third Rule 3.800(a) Motion to Correct Illegal Sentence

On February 21, 2011, Petitioner filed another Rule 3.800(a) motion in the state trial court raising the following five claims: (1) the sentence on Count 1 exceeded the statutory maximum; (2) resentencing on Count 2 as a first-degree felony was incorrect because he was convicted only of a third-degree felony; (3) resentencing on Counts 3 and 4 violated double jeopardy because the maximum sentence had been served prior to the resentencing; (4) imposition of increased sentences on Counts 6 and 7 violated double jeopardy; and (5) victim injury points were improperly assessed on the guidelines scoresheet. [ECF No. 10-15 at 1-39]. On

March 4, 2011, the trial court filed an order denying the motion finding that it was in violation of a prior order imposing sanctions and was successive, duplicative, and untimely. [ECF No. 10-15 at 40]. The trial court also denied Petitioner's motion for rehearing. [ECF No. 10-15 at 41-43].

On appeal, the Third DCA concluded that the motion was not successive or untimely. [ECF No. 10-15 at 70]. As a result, the case was reversed and remanded for further proceedings in *Jimenez v. State*, 88 So. 3d 194 (Fla. 3d DCA 2011). Mandate issued on October 24, 2011. [ECF No. 10-15 at 71].

On remand, the state filed a response. [ECF No. 10-16 at 1-15]. In an order granting in part and denying in part, the trial court concluded that at the time of resentencing, the statutory maximum of five years had expired in Counts 3, 4, 6, and 7. [ECF No. 10-16 at 16-18]. As a result, the sentences imposed under Counts 3, 4, 6, and 7 were all consecutive to each other and consecutive to the fifteen-year sentence imposed under Count 1 and the thirty-year sentence imposed under Count 2. [ECF No. 10-16 at 17]. The court further concluded that double jeopardy barred any resentencing on these counts and Petitioner was entitled to a fifteen-year reduction of his sentence. [*Id.*].

The state appealed. [ECF No. 10-16 at 19]. The Third DCA affirmed in part and reversed in part in *Jimenez v. State*, 173 So. 3d 1020 (Fla. 3d DCA 2015). The Third DCA found that the "trial court erred in finding that double jeopardy barred

resentencing on Counts 3 and 4 because the statutory maximum of five years had expired." *Id.* at 1024. The Third DCA noted that "because the original 2003 sentence was a general sentence and invalid, it was subject to correction under" Rule 3.800(a). *Id.* Because Petitioner's original sentence was illegal, the trial court was entitled to impose any sentence consistent with applicable sentencing laws in effect on the date of the offense. *Id.* The original general sentence of sixty years under Counts 1-4 had not been fully served at the time of resentencing, therefore, "the trial court properly resentenced [Petitioner] and apportioned the initial sixty-year sentence among Counts 1 to 4." *Id.* Turning to Counts 5, 6, and 7, the Third DCA noted that the original 364-day sentence imposed in 2003 had been fully served at the time of resentencing in 2008. *Id.* at 1025. As a result, the trial court lacked the power to correct the sentences imposed under Counts 6 and 7. *Id.* The Third DCA concluded that the trial court properly reduced Petitioner's sentences as to those counts. *Id.*

The Third DCA denied Petitioner's motion for rehearing. [ECF No. 10-16 at 68-82]. Mandate issued September 29, 2015. [ECF No. 10-16 at 83]. The Florida Supreme Court declined to exercise discretionary jurisdiction in *Jimenez v. State*, 2016 WL 688201 (Fla. 2016).

**Second Rule 3.850 Post-Conviction Motion**

On February 13, 2013, Petitioner filed another *pro se* motion for post-conviction relief pursuant to Fla. R. Crim. P. 3.850, with supporting exhibits, in the

trial court. [ECF No. 10-17 at 1-18]. The state filed a response. [ECF No. 10-17 at 19-21]. The trial court issued an order denying the motion. [ECF No. 10-17 at 22-24]. Petitioner's motion for rehearing was also denied. [ECF No. 10-17 at 25-32].

Petitioner appealed. [ECF No. 10-17 at 33-46]. On June 19, 2013, the Third DCA *per curiam* affirmed without written opinion in *Jimenez v. State*, 116 So.3d 390 (Fla. 3d DCA 2013). Mandate issued March 13, 2008. [ECF No. 10-17 at 48].

### Fourth Rule 3.800(a) Motion to Correct Illegal Sentence

On October 30, 2013, Petitioner filed another Rule 3.800(a) motion arguing that the five-year mandatory minimum sentence on Count 1 was in error, and that it should have been a three-year mandatory minimum sentence. [ECF No. 10-18 at 1-4]. The state conceded in its response that a three-year mandatory minimum sentence was proper under Count 1. [ECF No. 10-18 at 5-8]. The trial court issued an order granting the motion. [ECF No. 10-18 at 9-11]. The order directed the clerk of court to "correct Count 1 of [Petitioner's] sentence to reflect a three-year mandatory minimum sentence, instead of a five-year one, *nunc pro tunc* from September 5, 2003." [*Id.*].

### Petition for Writ of Habeas Corpus in State Trial Court

On November 5, 2013, Petitioner sought a writ of habeas corpus in the trial court arguing under claim 2 that the consecutive enhancement sentences imposed under Counts 1 and 2 violated double jeopardy where both counts were based on a

11

single criminal episode involving the same victim. [ECF No. 10-19 at 1-34].

On May 22, 2014, the trial court denied the petition. [ECF No. 10-19 at 53-58]. With respect to Claim 2, the court found that the petition should be treated as a Rule 3.850 motion, and that the motion was untimely, as it was filed more than two years after the judgment and sentence became final. [*Id.*]. The order further found that the claim was procedurally barred as it was being asserted in a successive Rule 3.850 motion. [*Id.*]. Alternatively, the court found that the double jeopardy claim was meritless, noting that because "aggravated assault and aggravated battery have different elements, they can be committed at the same time during the same criminal episode without running afoul of the Double Jeopardy Clause." [ECF No. 10-19 at 55-56].

Petitioner appealed. [ECF No. 10-19 at 59-80]. On August 5, 2015, the Third DCA *per curiam* affirmed without written opinion in *Jimenez v. State*, 173 So. 3d 900 (Fla. 3d DCA 2015). Mandate issued August 31, 2015. [ECF No. 10-19 at 82].

**Fifth Rule 3.800(a) Motion to Correct Illegal Sentence**

On October 3, 2014, Petitioner filed another Rule 3.800(a) motion in the trial court arguing that when the trial court corrected the general sentence on February 8, 2008 and apportioned the terms of the sentence by individual count, the trial court erred by failing to grant him credit for 1,615 days "on each newly imposed consecutive sentence for prison time already served on the original concurrent

sentences on counts two, three and four." [ECF No. 10-20 at 2].

In a March 19, 2015 order, the trial court held:

> The Defendant's current claim is that the trial court erred when he was resentenced on February 8, 2008 because he was not awarded proper prison credit. On February 24, 2012, Defendant was again resentenced. At that time his sentences in Counts 3, 4, 5, 6, & 7 had expired. On October 30, 2013 the Defendant's minimum mandatory in Count 1 was corrected. The resentencing orders all indicate that they were *nunc pro tunc* to the original sentencing date of September 5, 2003, awarding the Defendant all credit for time served. This court is not in the position to compute the exact period of time the Defendant had served in Miami-Dade County or with the State. As such, his motion must be denied.

[ECF No. 10-20 at 22]. The order clarified Petitioner's sentence "at this juncture" as

follows:

> Count 1. 15 years with a 3-year minimum mandatory. Count 2. 30 years to run CONSECUTIVE. Sentences on Counts 3, 4, 5, 6, & 7 have all expired. Defendant is entitled to all time served in Miami-Dade County and with the Department of Corrections since his arrest on December 4, 2000.

[*Id.*].

Petitioner appealed. [ECF No. 10-20 at 24]. On May 6, 2015, the Third DCA

*per curiam* affirmed without written opinion in *Jimenez v. State*, 166 So. 3d 790 (Fla.

3d DCA 2015). Mandate issued June 1, 2015. [ECF No. 10-20 at 26].

**State Court Sanctions**

On May 20, 2015, the trial court issued an order imposing sanctions on

Petitioner and barring him from filing any further *pro se* pleadings in the trial court

absent "a certificate of merit signed by a member in good standing of the Florida

13

Bar." [ECF No. 10-21 at 1]. On appeal, the Third DCA *per curiam* affirmed without written opinion in *Jimenez v. State*, 197 So. 3d 52 (Fla. 3d DCA 2016). The Third DCA subsequently denied Petitioner's motion for rehearing. [ECF No. 10-21 at 10-17].

On July 13, 2016, the Third DCA issued its own order imposing sanctions which prohibited Petitioner "from filing any further *pro se* appeals, pleadings, motions, or petitions relating to his convictions, judgments, and sentences in circuit court case number F00-38718." *Jimenez v. State*, 196 So. 3d 499 (Fla. 3d DCA 2016). Mandate issued July 29, 2016. [ECF No. 10-21 at 25].

The Florida Supreme Court declined to review the Third DCA's order in *Jimenez v. State*, 2016 WL 5718938 (Fla. 2016). [ECF No. 10-21 at 29-30]. The United States Supreme Court denied the subsequent petition for writ of certiorari in *Jimenez v. Florida*, 137 S. Ct. 1230 (2017). [ECF No. 10-21 at 33].

**Petition for Writ of Habeas Corpus in Third DCA**

As a result of the Third DCA's opinion in *Jimenez v. State*, 173 So. 3d 1020 (Fla. 3d DCA 2015), affirming in part and reversing in part the trial court's order on Petitioner's third Rule 3.800(a) motion, the state trial court issued a corrected sentence on September 25, 2015 and filed the order on October 2, 2015. [ECF No. 10-22 at 1-6]. On March 8, 2016, Petitioner filed a petition for writ of habeas corpus in the Third DCA on the grounds that the trial court acted prematurely because the

14

Third DCA had not yet issued a mandate following its opinion in *Jimenez*, 173 So. 3d 1020. [ECF No. 10-22 at 7-12]. On March 29, 2017, the Third DCA granted the habeas petition and directed the trial court to enter a revised sentencing order in *Jimenez v. State*, 215 So. 3d 1259 (Fla. 3d DCA 2017). [ECF No. 10-22 at 24-26]. Mandate issued April 24, 2017. [ECF No. 10-22 at 27].

On May 16, 2017, the trial court issued an order vacating its premature sentence, along with the latest corrected sentence as follows:

Count 1 – 15 years
Count 2 – 30 years
Count 3 – 5 years
Count 4 – 5 years

A three-year mandatory minimum sentence is imposed for Count 1, for aggravated assault upon a law enforcement officer, under section 784.07(2)(c), Florida Statutes. Counts 1-4 run consecutive to one another.

[ECF No. 10-22 at 30-35]. The order imposed the sentence *nunc pro tunc* to September 3, 2003. [*Id.*]. The trial court issued another correction on May 24, 2017, correcting the *nunc pro tunc* date to September 5, 2003. [ECF No. 10-22 at 36].

Petitioner appealed, raising the same claims he raises in his § 2254 motion. [ECF No. 10-22 at 39-66]. The Third DCA *per curiam* affirmed without written opinion in *Jimenez v. State*, 237 So. 3d 327 (Fla. 3d DCA 2015). Mandate issued November 6, 2017. [ECF No. 10-22 at 68].

**Application to File Second/Successive Habeas Corpus Petition**

On April 16, 2018, Petitioner filed an application in the Eleventh Circuit requesting leave to file a second or successive § 2254 motion. [ECF No. 10-23 at 1-29]. Rather than challenging his corrected sentence, Petitioner challenged aspects of the underlying trial proceedings based on newly discovered evidence. [*Id.*]. On May 2, 2018, the Eleventh Circuit denied Petitioner's request for leave. [ECF No. 10-23 at 30-32]. The state correctly does not argue that the instant petition is successive, because Petitioner is challenging a corrected sentence entered subsequent to his original § 2254 proceedings in this Court.

### 28 U.S.C. § 2254 Petition

Petitioner next came to this court filing a § 2254 petition on June 14, 2018. [ECF No. 1 at 16]. The state filed a response to this court's order to show cause, with supporting exhibits. [ECF Nos. 9, 10, 11]. Petitioner filed a reply. [ECF No. 12]. The state concedes that the petition is timely. [ECF No. 9 at 18]. The state addresses the merits of each substantive claim. [*Id.* at 16-65].

### III.  Threshold Issues

### Exhaustion

The Respondent argues that Petitioner failed, in state court, to raise any of the issues in federal constitutional terms. [ECF No. 9 at 23, 29, 35].

Pursuant to 28 U.S.C. § 2254(b)-(c), petitioners must exhaust their claims before presenting them in a federal habeas petition. When petitioners do not properly

present their claims to a state court by exhausting those claims and complying with the applicable state procedure, § 2254 may bar federal review of those claims in federal court. *Mason v. Allen*, 605 F.3d 1114, 1119 (11th Cir. 2010) (relying upon 28 U.S.C. § 2254(b)-(c)). When it is unclear or less efficient to resolve whether the additional restriction in § 2254(d) applies, federal courts may also deny writs of habeas corpus under § 2254 by engaging in *de novo* review, a more favorable standard, as a habeas petitioner would surely not be entitled to a writ under § 2254(d) if the claim would fail under *de novo* review. *See, e.g.*, *Berghuis v. Thompkins*, 560 U.S. 370, 390 (2010); *Hittson v. GDCP Warden*, 759 F.3d 1210, 1248 (11th Cir. 2014); *Trepal v. Sec'y, Fla. Dep't of Corr.*, 684 F.3d 1088, 1109-10 (11th Cir. 2012).

Pursuant to 28 U.S.C. § 2254(b)(2), the Court has authority to address unexhausted claims when a denial is appropriate on the merits. *See also Berguis v. Thompkins*, 560 U.S. 370, 390 (2010). To promote judicial efficiency, the merits of the allegedly unexhausted claims has been addressed within this Report.

## IV. Governing Legal Principles

This Court's review of a state prisoner's federal petition for habeas corpus is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104–132, 110 Stat. 1214 (1996). "The purpose of [the] AEDPA is to ensure that federal habeas relief functions as a guard against extreme malfunctions in the state criminal justice systems, and not as a means of error correction." *Ledford*

*v. Warden, GDCP*, 818 F.3d 600, 642 (11th Cir. 2016) (quoting *Greene v. Fisher*, 565 U.S. 34, 38 (2011)). In fact, federal habeas corpus review of final state court decisions is "'greatly circumscribed' and 'highly deferential.'" *Id.* at 642 (quoting *Hill v. Humphrey*, 662 F.3d 1335, 1343 (11th Cir. 2011)), and is generally limited to the record that was before the state court that adjudicated the claim on the merits. *See Cullen v. Pinholster*, 563 U.S. 170, 182 (2011).

The federal habeas court is first tasked with identifying the last state court decision, if any, that adjudicated the claim on the merits. *See Marshall v. Sec'y, Fla. Dep't of Corr.*, 828 F.3d 1277, 1285 (11th Cir. 2016). The state court is not required to issue an opinion explaining its rationale, because even the summary rejection of a claim, without explanation, qualifies as an adjudication on the merits which warrants deference. *See Harrington v. Richter*, 562 U.S. 86, 100 (2011); *Ferguson v. Culliver*, 527 F.3d 1144, 1146 (11th Cir. 2008). *See also Wilson v. Sellers*, 138 S. Ct. 1188, 1192 (2018); *Sexton v. Beaudreaux*, 138 S. Ct. 2555, 2558 (2018).

Where the claim was "adjudicated on the merits" in the state forum, § 2254(d) prohibits relitigation of the claim unless the state court's decision was (1) "**contrary to**, or involved **an unreasonable application of**, clearly established Federal law,[3]

---

[3]"Clearly established Federal law" consists of the governing legal principles, rather than the dicta, set forth in the decisions of the Supreme Court at the time the state court issues its decision. *White v. Woodall*, 572 U.S. 415, 419 (2014); *Carey v. Musladin*, 549 U.S. 70, 74 (2006) (citing *Williams v. Taylor*, 529 U.S. 362, 412 (2000)).

as determined by the Supreme Court of the United States;" or, (2) "based on an **unreasonable determination** of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d); *Harrington*, 562 U.S. at 97-98. *See also Williams v. Taylor*, 529 U.S. 362, 413 (2000). When relying on § 2254(d)(2), a federal court can grant relief if the state court rendered an **erroneous factual determination**. *Tharpe v. Warden*, 834 F.3d 1323, 1337 (11th Cir. 2016).

Because the "AEDPA erects a formidable barrier to federal habeas relief for prisoners whose claims have been adjudicated in state court," *Burt v. Titlow*, 571 U.S. 12, 20 (2013), federal courts may "grant habeas relief only when a state court blundered in a manner so 'well understood and comprehended in existing law' and 'was so lacking in justification' that 'there is no possibility fairminded jurists could disagree.'" *Tharpe*, 834 F.3d at 1338 (11th Cir. 2016) (quoting *Harrington*, 562 U.S. at 102). This standard is intentionally difficult to meet. *Harrington*, 562 U.S. at 102.

### V. Discussion

Under **Claim 1a**, Petitioner alleges that the trial court's May 2017 corrected sentence erroneously omitted credit for time served in prison, raising a double jeopardy issue. [ECF No. 1 at 5-6]. Petitioner appears to define "time served" as the fourteen years he served in state prison from his original sentencing in 2003 until his resentencing in 2017. [*Id.*].

Petitioner argues that the "law in Florida is well-settled that the defendant is

entitled to credit on each newly-imposed consecutive sentence for prison time already served on the original concurrent sentences." [ECF No. 1 at 6]. Contrary to Petitioner's position, his 2017 resentence did give him credit for the time he had already served.

In *Arnett v. State,* 626 So.2d 308, 309 (Fla. 1st DCA 1993), the defendant entered a no contest plea on August 16, 1991 and began serving his sentence. Subsequently, the trial court entered a corrected sentence on July 24, 1992, "*nunc pro tunc* August 16, 1991." *Id.* On appeal, the defendant took issue with the corrected sentence on the grounds that the trial court failed to give him credit for time served in prison from August 16, 1991 until July 24, 1992. *Id.* The First DCA rejected the defendant's argument because the *nunc pro tunc* sentence imposed at resentencing made it clear that the sentence was being served from the original sentencing date. *Id.* (citing *Drumwright v. State*, 572 So.2d 1029 (Fla. 5th DCA 1991); *Mims v. State*, 569 So.2d 864 (Fla. 5th DCA 1990)).

Similarly, in *Martin v. State*, 31 So. 3d 917, 917 (Fla. 3d DCA 2010) (Cope, J., concurring), the defendant argued that the Florida Department of Corrections failed to provide "him with proper credit for prison time (not jail time) served between his original sentencing date of January 9, 1990 and the August 4, 1995 resentencing." Defendant's argument was rejected because "the resentencing was *nunc pro tunc* to January 9, 1990." *Id. See also Johnson v. State*, 120 So. 3d 156,

20

157 (Fla. 4th DCA 2013) (rejecting a similar argument where "the trial court imposed the new sentence *nunc pro tunc* to the date of the original sentence.").

Here, the May 24, 2017 sentence was entered "NUNC PRO TUNC" to September 5, 2003. [ECF 10-22 at 36]. As a result, the trial court did not err in failing to give Petitioner any credit for time served in prison from 2003 until 2017. *See Arnett*, 626 So.2d at 309; *Martin v. State*, 31 So. 3d at 917; *Johnson v. State*, 120 So. 3d at 157.

Petitioner also cites to *North Carolina v. Pearce*, 395 U.S. 711 (1969). [*Id.*]. The Double Jeopardy Clause "provides that no person shall 'be subject for the same offence to be twice put in jeopardy of life or limb'" *Brown v. Ohio*, 432 U.S. 161, 164 (1977) (quoting U.S. Const. amend. V.). The Clause protects against (1) successive prosecution for the same offense after acquittal; (2) successive prosecution for the same offense after conviction; and (3) multiple punishments for the same offense. *Pearce*, 395 U.S. at 711. The third protection is implicated in this case. In *Pearce*, 395 U.S. at 718-19, the Supreme Court held that "the constitutional guarantee against multiple punishments for the same offense absolutely requires that punishment already exacted must be fully 'credited' in imposing sentence upon a new conviction for the same offense."

Careful review the multiple orders restructuring Petitioner's sentence over the years, described in detail above, as well as the trial court's final 2017 resentencing,

establishes that at no time did the state court impose a harsher term of imprisonment. As a result, Petitioner is not entitled to relief under *Pearce*.

The state courts' rejection of this claim is not contrary to or an unreasonable application of federal constitutional principles. As such, it should not be disturbed here. *See Williams*, 529 U.S. at 413.

Under **Claim 1b**, Petitioner alleges that the trial court's May 2017 corrected sentence is at odds with the Florida Supreme Court's decision in *State v. Rabedeau*, 2 So. 3d 191 (Fla. 2009). [ECF No. 1 at 5-6].

In *Rabedeau*, the defendant was convicted on three counts and sentenced to three concurrent sentences of community control, followed by three concurrent terms on probation. *Rabedeau*, 2 So. 3d at 192. After violating his community control sentence, the trial court imposed three concurrent five-year prison terms followed by three concurrent terms on probation. *Id.* After he served five years in prison, the defendant violated his probation. *Id.* The trial court imposed three consecutive ten-year prison terms and gave defendant credit for five years already served only as to one count. *Id.* The Fifth DCA concluded that the trial court erroneously failed to give him credit for the five years already served as to all three counts. *Id.* at 193. The Florida Supreme Court affirmed and approved of the Fifth DCA's decision. *Id.* at 194.

The Florida Supreme Court's analysis does not make reference to any federal

constitutional principles. It does not cite any case law, federal or state, that, in turn, makes reference to federal constitutional principles. The decision agrees with the Fifth DCA's opinion in *Rabedeau v. State*, 971 So. 2d 913 (Fla. 5th DCA 2007). That decision, likewise, does not provide any analysis indicative of a federal constitutional basis. At best, the Florida Supreme Court's ruling is similar to the principle in *Pearce*, 395 U.S. at 718-19. As is indicated above, the trial court did not impose a harsher sentence upon resentencing. As a result, *Pearce* is inapplicable.

The state courts' rejection of this claim is not contrary to or an unreasonable application of federal constitutional principles. As such, it should not be disturbed here. *See Williams*, 529 U.S. at 413.

Under **Claim 2**, Petitioner alleges that the trial court's imposition of a consecutive sentencing enhancement on Counts 1 and 2 constituted a violation of Petitioner's Fifth, Sixth, and Fourteenth amendment rights, pursuant to *Hale v. State*, 630 So. 2d 521 (Fla. 1993), because the consecutive enhancements were imposed for offenses committed during a single criminal episode. [ECF No. 1 at 8].

Petitioner raised this claim in his March 3, 2008 Rule 3.800(a) motion. [ECF No. 10-9 at 1-2]. In denying the motion, the state trial court held, "[i]n the case at bar there were seven (7) convictions for seven separate crimes against three (3) separate victims. There were no lesser included offenses to be subsumed by the higher crimes. Each conviction was unique to each individual victim [police officer]

23

and to each individual crime." [ECF No. 10-9 at 13-14]. On appeal, the Third DCA *per curiam* affirmed without written opinion in *Jimenez v. State*, 990 So. 2d 1075 (Fla. 3d DCA 2008).

In Petitioner's first § 2254 motion challenging the same underlying criminal proceedings, under Claim 9, Petitioner challenged the same state court rulings, filed in response to his March 3, 2008 Rule 3.800(a) motion. [ECF No. 10-14 at 31-74]; *see also Jimenez v. McNeil*, 10-20388-CV-Graham, ECF No. 1 (S.D. Fla. 2010). In a report addressing the merits of this claim, the Magistrate Judge rejected the double jeopardy argument by noting that the convictions at issue did not require identical elements of proof, and therefore did not constitute a violation under the test of *Blockburger v. United States*, 284 U.S. 922 (1932). [10-20388-CV-Graham, ECF No. 16 at 30-32]. The District Court adopted the Magistrate Judge's ruling and rejected the claim. [10-20388-CV-Graham, ECF No. 24]. The Eleventh Circuit affirmed the District Court's order in a written opinion. [10-20388-CV-Graham, ECF No. 38]. With respect to Claim 9, the Eleventh Circuit concluded that the "state post-conviction court properly found that the multiple convictions and consecutive sentences did not violate Jimenez's double jeopardy protections." [*Id.* at 11]. The opinion next provided the *Blockburger* "same-elements" test, which "inquires whether each offense contains an element not contained in the other; if not, they are the 'same offense' and double jeopardy bars additional punishment and successive

prosecution." [*Id.*] (citing *United States v. Dixon*, 509 U.S. 688 , 696 (1993)).

Turning the facts in Petitioner's case, the Eleventh Circuit concluded:

> Here, Jimenez was convicted of aggravated assault of Officer
> Rosario, as a lesser included offense of attempted first-degree murder;
> aggravated battery of Officer Rosario; depriving Officer Rosario of his
> police radio; battery of Officer Mirone; battery as a lesser included
> offense of battery of Officer Aiken; and three counts of resisting arrest
> with violence against Officers Rosario, Mirone, and Aiken. When
> applying the Florida statutory analysis, these seven convictions did not
> violate the prohibition against double jeopardy because they did not
> require identical elements of proof.
>
> Jimenez's reliance on *Williams v. State*, 959 So. 2d 790 (Fla. 2d
> DCA 2007) is misplaced. Unlike the facts in *Williams*, the facts here
> show more than a single episode of resistance to an arrest. As noted by
> the state court in its order denying Jimenez relief, this case was for
> seven convictions for separate crimes against three different victims,
> and each conviction was unique to each individual victim. Accordingly,
> the state court properly found that there was no double jeopardy
> violation.

[*Id.* at 11-12]. On January 9, 2012, the Supreme Court denied Petitioner's request

for certiorari review in *Jimenez v. Tucker*, 565 U.S. 1124 (2012). [10-20388-CV-

Graham, ECF No. 40].

The state argues that Petitioner's claim is precluded by *res judicata*. [ECF No.

9 at 36]. The doctrine of *res judicata* bars re-litigation of matters decided in a prior

proceeding. *See Jang v. United Technologies Corp.*, 206 F.3d 1147, 1149 (11th Cir.

2000) (citations omitted). Specifically, the doctrine "bars a subsequent action if: (1)

the prior decision was rendered by a court of competent jurisdiction; (2) there was a

final judgment on the merits; (3) the parties were identical in both suits; and (4) the

prior and present causes of action are the same." *Id.* (citing *Citibank, N.A. v. Data Lease Fin. Corp.*, 904 F.2d 1498, 1501 (11th Cir. 1990); *In re Justice Oaks II, Ltd.*, 898 F.2d 1544, 1550 (11th Cir. 1990)).

In the current case, Petitioner again asks this court to conclude, contrary to its prior ruling in case no. 10-20388-CV-Graham, that the state courts' rejection of the argument he raised in his March 3, 2008 Rule 3.800(a) under claim 9 was contrary to federal constitutional principles. [ECF No. 1 at 8]. In Petitioner's prior § 2254, this court rejected the same claim on the merits and the Eleventh Circuit affirmed in a written opinion. The same parties are involved and both proceedings were initiated pursuant to § 2254. As a result, the state correctly argues that claim 2 is barred by *res judicata*.

## VI. Cautionary Instruction Re *Clisby* Rule

Finally, this Court has considered all of Petitioner's claims for relief, and arguments in support. *See Dupree v. Warden*, 715 F.3d 1295, 1298 (11th Cir. 2013) (citing *Clisby v. Jones*, 960 F.2d 925 (11th Cir. 1992)). For all of his claims, Petitioner has failed to demonstrate how the state courts' denial of the claims, to the extent they were considered on the merits in the state forum, were contrary to, or the product of an unreasonable application of, clearly established federal law. To the extent they were not considered in the state forum, as discussed in this Report, none of the claims individually, nor the claims cumulatively, warrant relief. Thus, to the

extent a precise argument, subsumed within any of the foregoing grounds for relief, was not specifically addressed here or in the state forum, all arguments and claims were considered and found to be devoid of merit, even if not discussed in detail here.

## VII.  Evidentiary Hearing

In a habeas corpus proceeding, the burden is on the petitioner to establish the need for a federal evidentiary hearing. *See Chavez v. Sec'y, Fla. Dep't of Corr.*, 647 F.3d 1057, 1060 (11th Cir. 2011). To determine whether an evidentiary hearing is needed, the question is whether the alleged facts, when taken as true, are not refuted by the record and may entitle a petitioner to relief. *Schriro v. Landrigan,* 550 U.S. 465, 474 (2007); *Jones v. Sec'y, Fla. Dep't of Corr.*, 834 F.3d 1299, 1318-19 (11th Cir. 2016). The pertinent facts of this case are fully developed in the record before the Court. Because this Court can "adequately assess [petitioner's] claim[s] without further factual development," *Turner v. Crosby*, 339 F.3d 1247, 1275 (11th Cir. 2003), an evidentiary hearing is not required.

## VIII.  Certificate of Appealability

A prisoner seeking to appeal a district court's final order denying his or her petition for writ of habeas corpus has no absolute entitlement to appeal but must obtain a certificate of appealability ("COA"). *See* 28 U.S.C. § 2253(c)(1); *Harbison v. Bell*, 556 U.S. 180, 183 (2009). This Court should issue a certificate of appealability only if the petitioner makes "a substantial showing of the denial of a

constitutional right." *See* 28 U.S.C. § 2253(c)(2). Where a district court has rejected a petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Upon consideration of the record, this court should deny a certificate of appealability. Notwithstanding, if petitioner does not agree, Petitioner may bring this argument to the attention of the district judge in objections.

## IX. Conclusion

Based upon the foregoing, it is recommended that:

1.      the federal habeas petition be DENIED;

2.      a certificate of appealability be DENIED; and,

3.      the case CLOSED.

Objections to this report may be filed with the District Court Judge within fourteen days of receipt of a copy of the report. Failure to file timely objections shall bar petitioner from a *de novo* determination by the District Court Judge of an issue covered in this report and shall bar the parties from attacking on appeal factual findings accepted or adopted by the District Court Judge, except upon grounds of plain error or manifest injustice. *See* 28 U.S.C. § 636(b)(1); *RTC v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993).

SIGNED this 20th day of May, 2020.

UNITED STATES MAGISTRATE JUDGE

cc:  **Diego J. Jimenez**
M43488
Charlotte Correctional Institution
Inmate Mail/Parcels
33123 Oil Well Road
Punta Gorda, FL 33955
PRO SE

**Richard L. Polin**
Attorney General Office
Department of Legal Affairs
444 Brickell Avenue
Suite 650
Miami, FL 33131
305-377-5441
Email: Richard.Polin@myfloridalegal.com